UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD H. VAN DEN HEUVEL,
PARTNERS CONCEPTS DEVELOPMENT, INC.,
VHC, INC., RONALD H. VAN DEN HEUVEL
IRREVOCABLE TRUST DATED JULY 22, 2003,
and KELLY YESSMAN VAN DEN HEUVEL,
TRUSTEE OF THE YK IRREVOCABLE TRUST
DATED NOVEMBER 1, 2010,

        Plaintiffs,

  v.                                        Case No.  12-C-0327

AI CREDIT CORPORATION, FIRST
INSURANCE FINANCING CORP., LIFE &
LEGACY GROUP, LLC, LIBBY GRANT,
PHOENIX INSURANCE COMPANY, ALLIANZ
LIFE INSURANCE COMPANY OF NORTH
AMERICA, JOHN HANCOCK LIFE
INSURANCE COMPANY, PACIFIC LIFE
INSURANCE COMPANY, and SUN LIFE
ASSURANCE COMPANY OF CANADA,

        Defendants.

**ORDER FOR JURISDICTIONAL STATEMENT**

      Plaintiff Ronald Henry Van Den Heuvel filed this action *pro se* in Brown County Circuit Court in Wisconsin. On April 4, 2012, Defendants removed the matter from the state court. Jurisdiction was asserted under 28 U.S.C. § 1332(a) based upon diversity of citizenship. On October 15, 2012, represented by counsel, Plaintiff moved to amend his complaint to add additional plaintiffs and defendants, and the amended complaint was filed on October 24, 2012. Upon further

review of the matter, it appears there may be reason to question whether subject matter jurisdiction exists.

First, the amended complaint alleges that Plaintiffs Ronald Henry Van Den Heuvel, Kelley Yessman Van Den Heuvel, Trustee, and Ronald H. Van Den Heuvel, Trustee, are "residents" of Wisconsin. But, "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Individuals are citizens of the state where they are domiciled, which means the state where the individual is physically present with an intent to remain indefinitely. *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). While plaintiffs' residency and citizenship may be the same, the Court cannot simply assume subject matter jurisdiction.

In addition, the amended complaint sets forth claims against several defendants, including Life & Legacy Group, LLC and Libby Grant. The amended complaint states:

> Defendant LIFE & LEGACY GROUP, LLC ("LLG") is a corporation organized under the laws of the state of Illinois. It carries on the business of an insurance agency from its principal place of business in Addison, Illinois. Defendant Libby GRANT is a licensed insurance producer resident of Illinois and owner and designated responsible licensee of Life & Legacy Group.

(Am. Compl. ¶ 9, ECF No. 42.) It would appear that Life & Legacy Group, LLC is a limited liability company, but it is described as a "corporation." If it is a limited liability company, while the amended complaint states that Libby Grant is a "resident" of Illinois and is an owner of Life & Legacy Group, it is not clear that she is the only owner/member. Moreover, as discussed, that Libby grant is a "resident" of Illinois does not necessarily mean she is a citizen of that state. Seventh Circuit law is clear that a limited liability company derives its citizenship from the citizenship of its members. *See Belleville Catering Co. v. Champaign Market Place*, LLC, 350 F.3d 691, 692 (7th

2

Cir. 2003). To determine the citizenship of a limited liability company, "[a] federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Absent such information, it is impossible to determine whether complete diversity of citizenship exists. To proceed without such knowledge can result in a waste of time and resources for both the court and the parties, since subject matter jurisdiction cannot be waived and can be raised *sua sponte* even on appeal. *See Belleville Catering*, 350 F.3d at 693-94. In fact, "not only may the federal courts police subject matter jurisdiction *sua sponte*, they must." *Hay v. Indiana State Bd. of Tax Com. Rs.*, 312 F.3d 876, 879 (7th Cir. 2002.)

Normally, it is the responsibility of the plaintiff to allege facts sufficient to establish federal jurisdiction. The difficulty cases such as this present, however, is that the names and addresses of the members of limited liability companies are not publicly available. Defendant Life & Legacy Group, LLC and Libby Grant have filed an answer without raising the issue of jurisdiction, which presumably means neither Grant nor any of the members of the limited liability company are citizens of the State of Wisconsin (where, presumably, all Plaintiffs are citizens). If that is true, Defendant Life & Legacy Group, LLC and Libby Grant should so indicate for the record.

Based upon the foregoing, **IT IS HEREBY ORDERED** that within the next ten days Plaintiffs shall file a jurisdictional statement with the court setting forth the citizenship of Ronald Henry Van Den Heuvel, Kelley Yessman Van Den Heuvel, Trustee, and Ronald H. Van Den Heuvel, Trustee. In addition, within the next ten days, Defendant Life & Legacy Group, LLC shall file a jurisdictional statement with the Court setting forth the name and state(s) of citizenship of its

members/owners. Finally, within the next ten days, Defendant Libby Grant shall file a jurisdictional statement with the Court setting forth the state of her citizenship.

Dated this    11th    day of March, 2013.

                                                                                 s/ William C. Griesbach
                                                                                 William C. Griesbach
                                                                                 United States District Judge